**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | : | |
| **OPPORTUNITY COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | |
| | : | |
| **BOBBY DODD INSTITUTE, INC.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>COMPLAINT</u>

This is an action under the Age Discrimination in Employment Act of 1967 (hereinafter referred to as the "ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Josephine Peratzky (hereinafter referred to as "Peratzky") and Sherrie White (hereinafter referred to as "White"), who were adversely affected by such practices.  The Equal Employment Opportunity Commission alleges that, in September 2010, Bobby Dodd Institute, Inc. (hereinafter referred to as "Defendant") unlawfully revoked offers of employment given to Peratzky and White and refused to hire them because of their age, in violation of the ADEA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, the Defendant has continuously been a non-profit organization doing business in the State of Georgia and the city of Atlanta

and has continuously maintained at least twenty (20) employees.

5.      At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.       More than thirty days prior to the institution of this lawsuit, charges were filed with the Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## AGE DISCRIMINATION CLAIM

8.      Since at least June 2010, Defendant has engaged in unlawful employment practices at its Atlanta, Georgia location in violation of § 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).   The practices referenced above include revoking offers of employment granted to Peratzki, 82, and White, 74, and refusing

to hire them because of their age.

9.    Defendant is a non-profit organization that provides employment placement and training services to individuals with disabilities.

10.   On or around June 2010, Peratzky and White, ages 82 and 74 respectively, were offered employment by Defendant's Director of Mail Operations to work as mailroom clerks at the IRS Mailroom on Defendant's Woodcock site.

11.   The job offers to Peratzky and White were pursuant to Defendant's formal hiring process.

12.   Defendant provided training at the Woodcock site for Peratzky and White prior to their given start dates and directed them to purchase work uniforms.

13.   On June 7, 2010, after learning of the offers of employment to Peratzky and White, Defendant's Chief Executive Officer, Wayne McMillian, wrote an email to the Defendant's Chief Financial Officer asking "Why are we hiring 70 year olds?"

14.   Sometime shortly thereafter, McMillian instructed the Director of Mail Operations, the hiring official, to revoke Peratzky's and White's employment offers.

15.   Defendant subsequently hired two individuals under the age of 40 to

4

fill the mailroom positions which had formerly been offered to Peratzky and White.

16.     McMillian's written comments about the ages of Peratzky and White, as well as other verbal comments, indicate that he harbored age animus which motivated his decision to revoke their offers of employment.

17.     The effect of the practices complained of in paragraph 8-16, above, has been to deprive Peratzky and White of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

18.     The unlawful employment practices complained of in paragraphs 8-16, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years

of age and older and which eradicate the effects of its past and present unlawful employment practices.

C.      Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum in liquidated damages, and prejudgment interest, to Peratzky and White.

D.      Grant such further relief as the Court deems necessary and proper in the public interest.

E.      Award the Commission its costs of this action.

[Jury Demand and Signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

<div style="margin-left:40%">

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

*Robert K. Dawkins*
Robert K. Dawkins
Regional Attorney
Georgia Bar Number: 076206

</div>

Ottrell F. Edwards                    Sairalina Corniel
Supervisory Trial Attorney            Trial Attorney
Georgia Bar No. 141979                Georgia Bar Number: 940665

<div style="margin-left:40%">

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Atlanta District Office
100 Alabama Street, SW - Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818 - direct
(404) 562-6905 - facsimile
robert.dawkins@eeoc.gov

</div>